**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan    609-858-9360
United States Bankruptcy Judge    609-989-2259 Fax


June 20, 2018

Ronald V. DeCaprio, Esq.
Elizabeth Nicole Rabinowitz, Esq.
Law Office of Ronald V. Decaprio
65 West Ramapo Road
Garnerville, NY 10923
rvd@decapriolaw.com
*Counsel for Plaintiff, Paula S. Brown*

Brian W. Hofmeister, Esq.
Law Firm of Brian W. Hofmeister, LLC
3131 Princeton Pike
Bldg. 5, Suite 110
Lawrenceville, NJ 08648
bwh@hofmeisterfirm.com
*Counsel for Debtor, Gloria Konicoff*


    **RE:**    **Brown v. Konicoff**, Adv. Pro. No. 14-01736
              **In re Konicoff**, Case No. 14-18373


Dear Counsel:

    Presently before the court is Plaintiff Paula S. Brown's motion for an order granting partial summary judgment and declaring the debt owed to her by Debtor Gloria Konicoff ("Debtor") nondischargeable pursuant to 11 U.S.C. § 523(a)(4) & (6). Debtor opposed the motion and filed a cross motion seeking summary judgment in her favor. The Court has reviewed all submissions and considered the arguments made during the hearing on June 5, 2018. For the following reasons, Plaintiff's summary judgment motion will be granted, and Debtor's will be denied.

    The factual history of this case is well known to the parties and will not be repeated in detail here. In brief, Debtor served as the executrix of the estate of decedent, Sol Konicoff.

Several months after her appointment, decedent's children commenced a litigation in Superior Court seeking Debtor's removal as executrix. On or about September 12, 2013, the parties entered into a Stipulation of Settlement Consent Judgment ("Consent Judgment") in the state court wherein Debtor agreed—among other things—to return sums of money to the estate's beneficiaries in the amount of $304,431. Debtor failed to return the money and the state court issued an order holding Debtor in contempt and entering a money judgment ("Contempt Order and Judgment") against Debtor in the amount of $304,431.

In the present motion, Plaintiff asserts that the Debtor breached her fiduciary duty as executrix of the estate when she failed to return the $304,431 as required by the Consent Judgment. Plaintiff contends that the failure to return the funds, in itself, is sufficient to render the debt nondischargeable pursuant to 11 U.S.C. § 523(a)(4). In opposition, Debtor points out that the Consent Judgment makes no findings of fact with regard to fraud or defalcation. Relying on the Supreme Court's decision in *Archer v. Warner*, 538 U.S. 314, 123 S. Ct. 1462, 155 L. Ed. 2d 454 (2003), as discussed in *In re DeTrano*, 326 F.3d 319 (2d Cir. 2003), Debtor contends that this Court must look beyond a settlement agreement to determine whether or not a debt is based in fraud. Furthermore, Debtor offers an accounting of the funds that existed and transfers that took place during her time as executrix, and argues that this accounting conclusively proves that the amount sought by Plaintiff is erroneous and that the underlying debt is non-existent. Debtor also claims that her counsel at the time entered into the Consent Judgment resolving the state court litigation without Debtor's knowledge or approval.

Prior to addressing the summary judgment standard, this Court observes that the Consent Judgment and the Contempt Order and Judgment are valid state court judgments. Accordingly, pursuant to the *Rooker-Feldman* doctrine, this Court is without jurisdiction to review those judgments. The *Rooker-Feldman* doctrine prohibits federal courts from conducting appellate review of state court decisions. It applies to cases brought by state court losers complaining of injuries caused by state court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

Here all four requirements for application of *Rooker-Feldman*, as delineated by the Third Circuit in *In re Philadelphia Entm't & Dev. Partners*, 879 F.3d 492, 500 (3d Cir. 2018), are satisfied. First, the Debtor lost in state court in the sense that she was required to return money consistent with the Consent Judgment and was held in contempt and a monetary judgment was entered against her. Second, Debtor complains of injuries caused by the state court judgment in that she now asserts that the funds do not exist and she should not be required to pay the money in question. Third, the state court judgment issued before the filing of the instant adversary proceeding. Fourth and finally, Debtor explicitly invites this Court to review and reject the state court judgment. Therefore, although Debtor attempts call the validity of the state court judgments into question by arguing that she did not have any knowledge of the Consent Judgment and she did not give her attorney authority to enter into the agreement, the fact remains that Debtor did not successfully present these arguments and challenge these judgments in state court. Pursuant to the *Rooker-Feldman* doctrine, this Court is without authority to consider the merits of the state court judgments. *See In re Dougal*, 395 B.R. 880, 888 (Bankr. W.D. Pa. 2008)

(holding that a state court judgment could not be collaterally attacked in federal court with the argument that litigant's attorney entered into judgment without authority).[1]

Moreover, in *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327, 1331, 84 L. Ed. 2d 274 (1985), the Supreme Court explained that preclusive effect must be given to state court judgments by a federal court where the court of the issuing state would do so. In New Jersey, a consent judgment has the same preclusive effect as any other judgment. *See, e.g., Edelstein v. City of Asbury Park*, 51 N.J. Super. 368, 143 A.2d 860 (App. Div. 1958); *Mazaj Rest., LLC v. 1255-1257 Madison Ave., LLC*, No. A-4944-11T4, 2013 WL 2395071, at *4 (N.J. Super. Ct. App. Div. June 4, 2013); *see also In re Gibbs*, 107 B.R. 492 (Bankr. D.N.J. 1989). Thus, to the extent the Debtor seeks to relitigate specific issues litigated in the state court (e.g., her duty and obligation to return $304,431), resulting in the Consent Judgment and subsequent Contempt Order and Judgment, she is precluded from doing so pursuant to the collateral estoppel doctrine. *See Winters v. N. Hudson Reg'l Fire & Rescue*, 212 N.J. 67, 85, 50 A.3d 649, 659 (2012) (describing when the equitable principle of collateral estoppel arises); *see also Matter of Ross*, 602 F.2d 604 (3d Cir. 1979) (holding that the doctrine of collateral estoppel is applicable in subsequent nondischargeability litigation).

Having established the limitations on Debtor's ability to challenge the state court judgment or the issues decided therein, this Court must next determine whether—as Plaintiff argues—Debtor's violation of the Consent Judgment renders the debt nondischargeable at the summary judgment stage.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As the Supreme Court has indicated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED. R. CIV. P. 1). "In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial." *Josey v. John R. Hollingsworth Corp.,* 996 F.2d 632, 637 (3d Cir. 1993).

---

[1] "The general rule is that unless an attorney is specifically authorized by the client to settle a case, the consent of the client is necessary." *Amatuzzo v. Kozmiuk*, 305 N.J. Super. 469, 475, 703 A.2d 9, 12 (App. Div. 1997). However, even when consent is disputed, New Jersey courts have held that a client's conduct may warrant a determination that she ratified a settlement agreement by her actions. *See State v. Real Prop. Commonly Known as 48 S. New York Rd., Suite C-1, Absecon*, No. A-0494-08T2, 2009 WL 2913939, at *4 (N.J. Super. Ct. App. Div. Sept. 14, 2009). "[R]atification is 'equivalent to an original grant of power, . . . and relates back to the date of the original action.'" *Grimes v. City of East Orange,* 288 *N.J. Super.* 275, 281 (App. Div. 1996) (quoting *Houman v. Mayor and Council of Pompton Lakes,* 155 *N.J. Super.* 129, 159 (Law Div. 1977)). "Ratification may be express or implied, and intent may be inferred from the failure to repudiate an unauthorized act; from inaction; or from conduct on the part of the principal which is inconsistent with any other position than intent to adopt the act." *Thermo Contracting Corp. v. Bank of N.J.,* 69 *N.J.* 352, 361 (1976) (internal citations omitted). In this case, Debtor makes no argument that she challenged the Consent Judgment in state court based on her counsel's allegedly unauthorized execution of the agreement, or that she otherwise repudiated counsel's allegedly unauthorized actions. Likewise, Debtor does not indicate that she opposed the finding of contempt or the entry of a monetary judgment against her. The absence of allegations that counsel's authority to settle was challenged in state court evidences Debtor's ratification of counsel's actions and authority to settle, and certainly this Court should not address the matter further.

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Huang v. BP Amoco Corp.,* 271 F.3d 560, 564 (3d Cir. 2001) (citing *Celotex Corp.,* 477 U.S. at 323, 106 S. Ct. 2548). In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Disputed material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248, 106 S. Ct. 2505. A dispute is genuine when it is "triable," that is, when reasonable minds could disagree on the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted).

"Once the moving party establishes the absence of a genuine dispute of material fact, however, the burden shifts to the non-moving party to 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *In re Moran-Hernandez*, 544 B.R. 796, 800 (Bankr. D.N.J. 2016) (quoting *Matsushita,* 475 U.S. at 586, 106 S. Ct. 1348). A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine [dispute] for trial"). *See also Fireman's Ins. Co. of Newark, N.J. v. DuFresne,* 676 F.2d 965, 969 (3d Cir. 1982); *Olympic Junior, Inc. v. David Crystal, Inc.,* 463 F.2d 1141, 1146 (3d Cir. 1972). If the nonmoving party's evidence is a mere scintilla or is not "significantly probative," the court may grant summary judgment. *Liberty Lobby, Inc., supra,* 477 U.S. at 249–250, 106 S. Ct. 2505. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S. Ct. 1348.

Section 523(a)(4) of the Bankruptcy Code provides that a discharge under § 727 does not discharge an individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). In order to except a debt from discharge under § 523(a)(4) for fraud or defalcation in a fiduciary capacity, a plaintiff must prove the existence of (i) a fiduciary relationship and (ii) that a fraud or defalcation occurred while the [debtor] acted in a fiduciary capacity. *In re Guarracino*, 575 B.R. 298, 310–11 (Bankr. D.N.J. 2017). In an action to determine dischargeability of a debt, the creditor has the burden of proving by a preponderance of the evidence that a debt is nondischargeable. *See Grogan v. Garner*, 498 U.S. 279, 285, 111 S. Ct. 654, 658, 112 L. Ed. 2d 755 (1991).

In this case, there is no dispute that Debtor stood in a fiduciary relationship to Plaintiff as executrix of decedent's estate of which Plaintiff was a beneficiary. *In re Aiello*, 533 B.R. 489, 500 (Bankr. W.D. Pa. 2015), *aff'd sub nom. Aiello v. Aiello*, 550 B.R. 83 (W.D. Pa. 2016), *aff'd sub nom. In re Aiello*, 660 F. App'x 179 (3d Cir. 2016). Therefore, the second prong of the 523(a)(4) test is satisfied. However, Debtor takes issue with the first prong and argues that summary judgment is not warranted because Plaintiff has not conclusively shown that Debtor's actions during her time as executrix were fraudulent or wrongful in any way. Debtor offers an accounting which she alleges establishes that her actions as executrix were entirely lawful.

In order to show fraud or defalcation, a movant must demonstrate that a debtor had culpable state of mind sufficient to warrant nondischargeability. *See Bullock v. BankChampaign, N.A.,* 569 U.S. 267, 269, 133 S. Ct. 1754, 1757, 185 L. Ed. 2d 922 (2013). In this case, the Court agrees with Debtor that, at the least, material issues of fact exist as to whether Debtor committed fraud or defalcation through her dealings as executrix—specifically, issues exist with respect to the appropriateness of the account liquidations and transfers. As Debtor points out, the Consent Judgment makes no findings with respect to fraud or Debtor's intent, and on this record this Court is unable to make any determinations regarding Debtor's actions leading up to the Consent Judgment. Indeed, if Debtor's actions leading up to the Consent Judgment were the issue, this Court would be obligated to look beyond the Consent Judgment to determine whether the debt is based in fraud. *See Archer v. Warner*, 538 U.S. 314; *In re DeTrano*, 326 F.3d 319. However, Plaintiff's summary judgment motion is not premised strictly on the estate accounting or on Debtor's actions following decedent's death. Rather, Plaintiff contends that Debtor's failure, as executrix, to comply with the Consent Judgment and return the $304,431.00 constitutes a fraud or defalcation while acting in a fiduciary capacity, rendering the debt nondischargeable pursuant to § 523(a)(4).

The Court reiterates that fraud cannot be established simply by reference to the Consent Judgment instrument. As stated earlier, the state court expressed no findings regarding Debtor's intent in the Consent Judgment. There is nothing in the Consent Judgment indicating that the Debtor wrongfully received the $304,431, or that this amount was taken wrongfully. Further, Debtor's entry into the Consent Judgment does not—in itself—constitute an admission of self-dealing or other wrongful conduct. Accordingly, this Court's inquiry is limited to whether Debtor's execution of the Consent Judgment in her capacity as executrix, and then her failure to abide by its terms constitutes a defalcation warranting a ruling of nondischargeability.

In conducting its analysis, the Court finds the language of the Consent Judgment instructive. First, the language of the Consent Judgment makes clear that Debtor entered into the Consent Judgment in her capacity as executrix. The opening paragraph of the Judgment lists the parties to the agreement and refers to Debtor as "Gloria Konicoff as the Executor of the Estate of Sol Konicoff." In her opposition, Debtor does not argue otherwise; accordingly, at the time the Consent Judgment was executed, Debtor was acting in a fiduciary capacity.

Next, the Consent Judgment instructs the Debtor to "return" money from accounts that were liquidated by and/or transferred to Debtor on January 20, 2011 and May 16, 2011. The use of the term "return" is significant and, ultimately, is dispositive of the defalcation in this case. Debtor was not directed to simply "pay" this money to Plaintiff or her siblings—rather she was instructed to "return" it. The word return indicates that, at the time the Consent Judgment was executed, all parties agreed that the money in question existed, was in Debtor's possession as a result of liquidation or transfer, and rightfully belonged with other beneficiaries of decedent's estate. Debtor concedes that she never returned those funds to the beneficiaries. These undisputed facts suffice to establish defalcation while acting in a fiduciary capacity.

Debtor's opposition fails to create a material issue of fact for trial. In her opposition papers, Debtor attempts to argue that the funds in question did not exist, and/or that the amounts owed are inaccurate. Debtor also submits that, as a beneficiary of the estate, she may still be entitled to some of the estate funds. The Court notes that the latter argument does nothing to

5

relieve Debtor of the obligations under the Consent Judgment and, thus, is irrelevant to the present inquiry. Further, Debtor's arguments regarding the existence and accuracy of the funds in question are unavailing for the reasons discussed below.

As discussed, this Court is precluded from reviewing the state court's implicit findings regarding the existence and calculation of the funds. In order to review those findings as Debtor requests, this Court would necessarily have to determine that the state Consent Judgment was erroneously entered, or would have to take other action that would negate the state court's judgment. As explained previously, the *Rooker-Feldman* doctrine bars precisely this type of review. *See In re Knapper*, 407 F.3d 573 (3d Cir. 2005). Even if the Court were to accept Debtor's argument that the funds in question did not exist, summary judgment would still be warranted on grounds of fraud. In the context of § 523(a)(4), "fraud" involves intentional deceit. *See Bullock* 569 U.S. 267; *see also In re Sobol*, 545 B.R. 477, 494 (Bankr. M.D. Pa. 2016); *In re Tyson*, 450 B.R. 514, 522 (Bankr. E.D. Pa. 2011). Assuming—based on the arguments in Debtor's opposition—that the funds in question did not exist, Debtor intentionally deceived both Plaintiff and the state court by executing an agreement wherein she represented, in her capacity as executrix, that the funds did exist and would be returned.

Likewise, even if the Court accepts Debtor's argument that the amount of money that should have been returned to the estate was inaccurate, summary judgment would be warranted as a defalcation. The term "defalcation," as used in § 523(a)(4) includes a culpable state of mind requirement involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior. *Bullock*, 569 U.S. 267. A debtor can commit a defalcation by intentionally or recklessly disregarding his or her fiduciary duties. *See In re Guarracino*, 575 B.R. 298, 313 (Bankr. D.N.J. 2017). In the absence of actual knowledge, a debtor must have demonstrated a conscious disregard or recklessness "of the kind that the criminal law often treats as the equivalent." *Bullock*, 569 U.S. 267. More specifically, to find recklessness, there must be evidence that the debtor was subjectively aware that his conduct might violate a fiduciary duty. *In re Aiello*, 533 B.R. at 500.

Here, in her capacity as executrix, Debtor had a fiduciary duty to maintain an accurate accounting. Based on the undisputed facts, the Court must infer the Debtor was either aware that the amount listed in the Consent Judgment was inaccurate, or that she exhibited gross recklessness by agreeing to an amount that she had not verified properly. Accordingly, Plaintiff has satisfied her burden of proof of defalcation at the summary judgment stage. The burden then shifts to Debtor, as the fiduciary, to render an accounting to show that she complied with her fiduciary obligations. *See, e.g., In re Niles*, 106 F.3d 1456, 1461 (9th Cir. 1997); *In re Storie*, 216 B.R. 283 (B.A.P. 10th Cir. 1997); *In re Liberty Asset Mgmt. Corp.*, No. 2:16-AP-01337-ER, 2017 WL 6759066, at *9 (Bankr. C.D. Cal. Dec. 29, 2017); *In re Baines*, 337 B.R. 392, 405 (Bankr. D.N.M. 2006). Debtor has not done so. Her opposition does not provide any accounting or other argument which creates an issue for trial as to defalcation. Instead, the opposition launches a collateral attack on the Consent Judgment which, for the reasons set forth above, this Court is prohibited from considering. Based on these facts, Debtor's failure to provide an accounting, and her failure to agree to return an amount which accurately reflected the funds that had been liquidated and/or transferred demonstrates gross recklessness in respect to her fiduciary duty. At a minimum, her actions demonstrated a conscious disregard of a substantial risk that such conduct would result in a breach of fiduciary duty.

      For the foregoing reasons, the Court determines on summary judgment that the debt is nondischargeable under § 523(a)(4). In reaching its conclusion, the Court recognizes and is mindful that summary judgment may not be appropriate when state of mind is disputed and properly at issue. *See e.g., Jostofin v. Met. Life Ins. Co.,* 372 F.3d 517, 524 (3d Cir. 2004). In this case, however, the Court finds that the record is sufficient to establish the requisite state of mind of Debtor. Debtor's opposition to the motion has not created an issue of fact with respect to her intent and, instead, confirms that the Debtor possessed the requisite mental state to satisfy the standards of a nondischargeability claim under 523(a)(4). In sum, the record taken as a whole could not lead a rational trier of fact to find for Debtor. Summary judgment in favor of Plaintiff is warranted. Debtor's motion for summary judgment is denied.

      Very truly yours,

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Cc: Filed on the docket via CM/ECF